# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

AJAMU MANU EL-AMIN,

    Plaintiff,

vs.

TOMMY THOMPSON, BLACK HAWK COUNTY PUBLIC DEFENDERS OFFICE, ANDREA DRYER, SUE ALBRIGHT, AARON HAWBACKER,

    Defendants.

No. C11-2020-LRR

ORDER

---

The matter before the court is a motion to dismiss (docket no. 11) that Sue Albright, Andrea Dryer, Aaron Hawbacker and the Black Hawk County Public Defender's Office filed on May 22, 2012. The plaintiff did not resist such motion.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[1] When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). To survive a Rule 12(b)(6) motion to

---

[1] The court notes that "[a] motion to dismiss for lack of jurisdiction under [Federal Rule of Civil Procedure 12(b)(1)] which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under [Federal Rule of Civil Procedure 12(b)(6)]." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); *see also Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007) (discussing standard of review).

dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). Stated differently, "a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) of the Federal Rules of Civil Procedure]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Because the pending motion to dismiss is unresisted, it is appropriate to dismiss the plaintiff's action against Sue Albright, Andrea Dryer, Aaron Hawbacker and the Black Hawk County Public Defender's Office. *See* LR 7(f). Alternatively, having reviewed the record, which includes, but is not limited to, the plaintiff's complaint (docket no. 4), the court deems it appropriate to dismiss the claims against Sue Albright, Andrea Dryer, Aaron Hawbacker and the Black Hawk County Public Defender's Office for the reasons stated in their motion to dismiss. The defendants adequately set forth the law in the Eighth Circuit that applies to the assertions and facts that are set forth in the record.

With respect to Sue Albright, Andrea Dryer, Aaron Hawbacker and the Black Hawk County Public Defender's Office, the court concludes that dismissal is appropriate because the plaintiff failed to state a claim upon which relief can be granted. Because the plaintiff failed to meet both requirements under 42 U.S.C. § 1983, the claims do not raise a right to relief above the speculative level and the claims are otherwise not viable or barred, the request to dismiss must be granted.

**IT IS THEREFORE ORDERED**:

The motion to dismiss (docket no. 11) is granted.

**DATED** this 26th day of September, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA