# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| AJAMU MANU EL-AMIN,<br><br>          Plaintiff,<br><br>vs.<br><br>TOMMY THOMPSON, BLACK HAWK COUNTY PUBLIC DEFENDERS OFFICE, ANDREA DRYER, SUE ALBRIGHT, AARON HAWBACKER,<br><br>          Defendants. | No. C11-2020-LRR<br><br>ORDER |

This matter is before the court on a motion for summary judgment (docket no. 12) that Tommy Thompson filed on May 30, 2012. Under Local Rule 56.b., the plaintiff's resistance and supporting documents were due on June 25, 2012. To date, the plaintiff has not resisted the motion for summary judgment.

Local Rule 56 provides:

> If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . .

L.R. 56.c. As previously stated, the plaintiff did not file a resistance to the motion for summary judgment. Furthermore, the plaintiff did not request an extension of the filing deadline. Because he never submitted a proper resistance, the plaintiff did not expressly admit, deny or qualify each of the facts set forth in the statement of material facts filed in support of the motion for summary judgment. *See* L.R. 56.b.2. The plaintiff's failure to file any response to the statement of material facts constitutes an admission of each of these

facts. *See* L.R. 56.b. Given the plaintiff's admission of the facts included in the statement of material facts and the plaintiff's failure to come forward with any evidence, the court concludes that Tommy Thompson is entitled to summary judgment with respect to the plaintiff's claim on purely procedural grounds. *See* L.R. 56.c; *cf.* Fed. R. Civ. P. 56(e).[1]

Further, the court deems it appropriate to determine whether Tommy Thompson is entitled to judgment as a matter of law with respect to the plaintiff's deliberate indifference claim. *See Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). The court reviewed the law that is applicable to the plaintiff's claim, the facts that the plaintiff asserts in his complaint and the statement of material facts which are deemed admitted by the plaintiff. Based on such review, the court finds that Tommy Thompson is entitled to judgment as a matter of law with respect to the plaintiff's deliberate indifference claim under 42 U.S.C. § 1983. The record, even when viewed in the light most favorable to the plaintiff, fails to establish a genuine issue of material fact with regard to whether the plaintiff exhausted his administrative remedies and whether Tommy Thompson violated the plaintiff's constitutional rights. Based on the foregoing, the undisputed material facts in the instant case show that Tommy Thompson is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED:**

1. The motion for summary judgment (docket no. 12) is granted.

---

[1] Federal Rule of Civil Procedure 56(e) provides provides:
> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion, . . . grant summary judgment if the motion and supporting materials—including facts considered undisputed—show that the movant is entitled to relief . . . or . . . issue any other appropriate order.

2. The clerk's office is directed to enter judgment accordingly.

**DATED** this 26th day of September, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA